C. W. FILLMORE v. CARL HINTZ and SOPHIA HINTZ, Defendants; J. I. CASE THRESHING MACHINE COMPANY, Appellants.

APPEAL DISMISSED: LESS THAN ONE HUNDRED DOLLARS IN CONTROVERSY: NEEDLESS AMENDMENT TO ABSTRACT AND RESULTING TRANSCRIPT TAXED TO APPELLEE.

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

TUESDAY, FEBRUARY 6, 1894.

ACTION in equity for judgment on three promissory notes aggregating three thousand, three hundred and sixty dollars, executed by the defendant Carl Hintz to Doris Peters or order, in consideration for certain land purchased from William Peters. Also for decree foreclosing a mortgage on said land, executed by the defendants to secure said notes. The plaintiff alleges that said notes were transferred to him before maturity, and that he is the owner thereof. The defendants answered, admitting the execution of said notes and mortgage, and alleging as defense, in substance, as follows: That, at the time of the execution of said notes and mortgage, they were deposited with the plaintiff in pursuance of a written agreement set out, to be held by him in trust; that if said Doris and William Peters would perfect the title to said land within one year, and present a satisfactory abstract, the money paid and the notes and mortgage were to be delivered to Doris and William Peters, otherwise they were to be returned to Carl Hintz. The defendants allege that the plaintiff has no other interest in said money and notes, and that the title to said land was not perfected as agreed upon. Plaintiff, in reply, denies that the title was not perfected, and alleges that he notified the defendants that he was going to turn over said money, notes and mortgage, and that no objection was made. Intervener, after alleging that William Peters was indebted to it on two promissory notes for two hundred and twenty-six dollars each, one due January 1, 1889, and one January 1, 1890, alleges, in substance, as follows: That at the time the two hundred dollars was paid by the defendants on the land and said notes and mortgage were executed and deposited with the plaintiff, to wit, December 4, 1888, it was agreed between the plaintiff, F. H. Helsel, attorney for intervener, and Doris and William Peters that the notes of defendant were, in fact, the property of William Peters; that the plaintiff should hold the same until the title to said land should be perfected, and, if the same should be perfected, and the notes become the property of William Peters or Doris Peters, that they should still be held by plaintiff, and whatever payment should be made on the same should be turned over to intervener on said two notes until the same were paid; that in conformity with said agreement intervener received from plaintiff, on or about April 11, 1889, for William and Doris Peters, two hundred and forty dollars out of the proceeds of the sale of said land; "that on or about the time the interest became due on the notes sued on by the plaintiff the

said defendant, Carl Hintz, told C. W. Fillmore that he was ready to pay the interest on said notes if he could have the same indorsed, and the said Fillmore said he did not know where they were, and the said Carl Hintz deposited the money—two hundred and thirty-five dollars and twenty cents—in the Farmers' Bank at Peterson, Iowa; that on or about the twenty-second day of May, 1890, your intervener received from said Doris Peters an order in writing, as follows:

"SALEM, Oregon, May 22nd, 1890.

"Pay to the order of the J. I. Case Threshing Machine Co., of Racine, Wis., two hundred and thirty-five and 20-100 dollars, or amount deposited in my name.                                     DORIS PETERS.

"To Farmers' Bank, Peterson, Iowa."

"Witness,                                     E. A. D. SOFKEIN."

That on said order the intervener was paid the interest deposited by Carl Hintz on the notes sued on by the said plaintiff, *viz.*, two hundred and thirty-five dollars and twenty cents; that, after allowing the credits from the sources as aforesaid, there remains due on the first note, and unpaid, the sum of fifty-one dollars and fifty-four cents, and on the second note the sum of four dollars, with interest on both of said notes, together with attorney's fees." Intervener further alleges that, if plaintiff purchased said notes as he claims, he did so with full knowledge of the matters set out in its petition, and subject to said agreement; that William Peters is the actual owner of said notes, subject to said agreements; and that he and Doris Peters are nonresidents of this state. Intervener asks that the notes sued on be declared the property of William Peters, subject to the rights of Carl Hintz and of intervener; that William and Doris Peters be made parties; that intervener have judgment against William Peters in the sum of fifty-five dollars and fifty-four cents, together with interest, attorney's fees, and costs; that a writ of attachment issue against the property of William Peters, and the notes sued on be levied on and sold to satisfy the claims of intervener, or that they be held by the plaintiff, as trustee, for intervener; and that plaintiff's action be dismissed. Plaintiff, in answer to said petition of intervention, admits that William Peters sold the land to Carl Hintz; that he afterwards deeded it to Doris Peters; admits the execution of the notes and mortgage; and that Peters and wife, Doris, executed a deed to Carl Hintz, and that two hundred and forty dollars was paid to intervener. He denies every other allegation in said petition, and specifically denies that an agreement was entered into as alleged. Judgment and decree of foreclosure were entered in favor of plaintiff against the defendant, and judgment dismissing intervener's petition, and for costs. Intervener alone appeals.—*Dismissed.*

*Ernest C. Herrick* for appellant.

*Parker & Richardson* for appellee.

GIVEN, J.—I. The first question presented by the record is whether this court has jurisdiction. Code, section 3173, provides: "But no

appeal shall be taken in any cause in which the amount in controversy between the parties, as shown by the pleadings, does not exceed one hundred dollars, unless the trial judge shall certify that such cause involves the determination of a question of law upon which it is desirable to have the opinion of the supreme court, but this limitation shall not affect the right of appeal in any cause in which is involved any interest in real property." There is no question but that an appeal would lie from the judgment in favor of the plaintiff against the defendants, but no appeal has been taken from that judgment. The contention is whether the amount in controversy between intervener and plaintiff exceeds one hundred dollars. It is admitted in the petition of intervention that two payments were made upon the two notes of William Peters to intervener, one of two hundred and thirty-five dollars and twenty cents, and one of two hundred and forty dollars, and that, allowing these credits, only fifty-five dollars and fifty-four cents, with [interest, remains unpaid. It is for this amount that intervener asks judgment, and that the notes sued upon be held subject to the payment thereof. The notes sued upon 'provide for seven per cent. interest, payable annually, "principal and interest payable at Peterson Bank, Peterson, Iowa." The petition of intervention shows that, about the time the first year's interest became due, Mr. Hintz informed plaintiff that he was ready to pay the interest if he could have the same indorsed on the notes, and that plaintiff told him that he did not know where the notes were, whereupon Mr. Hintz deposited the sum of two hundred and thirty-five dollars and twenty cents in said bank in payment of said interest. That afterward Doris Peters, to whom the notes were payable, sent the written order set out to intervener on the bank for said money, and that on said order the same was paid to intervener on account of the indebtedness of William Peters. Intervener concedes that, if it is allowed to retain the two hundred and thirty-five dollars and twenty cents, there is less than one hundred dollars due to it, but contends that, as plaintiff denies the trust alleged by intervener, he is insisting, as against intervener, that he, and not intervener, is entitled to said two hundred and thirty-five dollars and twenty cents; therefore, that that amount is in controversy. It will be observed that intervener admits the receipt of the two hundred and thirty-five dollars and twenty cents, and we think the pleadings fail to show that its right to that amount is questioned by any of the parties to the action. Peters and wife, together with the plaintiff and the defendants, were made parties defendant to the petition of intervention. Neither Peters and wife nor the defendants answered the petition, nor do the defendants make any claim for a credit on account of the deposit of said two hundred and thirty-five dollars and twenty cents as against the plaintiff, nor ask to recover the same from the intervener. The plaintiff makes no claim to said two hundred and thirty-five dollars and twenty cents, nor does he deny the right of intervener to keep the same. That payment to intervener was by direct authority from Mrs. Peters, the payee in the notes, and was made on behalf of her husband, and on account of his indebtedness to intervener. Whether this payment of two hundred and thirty-five dollars and twenty cents was made in pursuance of the agreement alleged by intervener or

simply because of the indebtedness of Mr. Peters to intervener, we need not inquire, nor need we inquire as to the reasons for or effect of not allowing this payment as a credit to defendant Carl Hintz. Our jurisdiction depends entirely upon whether it is shown by the pleadings that there is an amount in controversy exceeding one hundred dollars. As no one questions intervener's right to retain this two hundred and thirty-five dollars and twenty cents, which it admits having received, it is entirely clear that the amount in controversy between intervener and plaintiff is much less than one hundred dollars. It follows from this conclusion that the appeal must be dismissed.

II. Intervener appellant moves to strike all of plaintiff's additional abstract, except the first page and part of the third and ninth pages, and to tax the costs thereof and of appellant's amendment to abstract, and the costs of the transcript of the evidence, to the plaintiff upon the ground that his additional abstract was unnecessary. While the controlling issue between the intervener and plaintiff was whether the contract alleged by intervener had been made, the facts relating thereto were so blended with, and based upon the facts bearing upon the issues between plaintiff and defendants that it was difficult to abstract the evidence without including that pertaining to the issues between plaintiff and defendants. While the leaning of the abstracter is apparent in both abstracts, we are led to conclude, upon our careful examination of both abstracts and the transcript, that appellant's abstract was sufficiently full and correct, except as to parts admitted in the motion, and that appellee's additional abstract, except the first page and half of the third and ninth pages, was unnecessary. The filing of this additional abstract rendered appellant's amendment and the transcript of the evidence necessary. We think this motion should be sustained, and that the costs of the additional abstract, except as to two pages thereof, and of the appellant's amended abstract, and the costs of the transcript of the evidence, should be taxed to the plaintiff appellee. DISMISSED.